Joseph B. Shumofsky (JS 2147)
DORSEY & WHITNEY LLP
250 Park Avenue
New York, NY 10177-1500
(212) 415-9200

Attorneys for
Plaintiff SCOTT-MACON SECURITIES, INC. and
Defendant SCOTT-MACON, LTD.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------- X

SCOTT-MACON SECURITIES, INC.,

Plaintiff, Civ. No. 04 CV 2124 (MBM)

-v-

ZOLTEK COMPANIES, INC.,

Defendant.

--------------------------------------------------- X

ZOLTEK COMPANIES, INC.,

Plaintiff,

Civ. No. 04 CV 4896 (MBM)

-v-

SCOTT-MACON LIMITED,

Defendant.

--------------------------------------------------- X

**SCOTT-MACON SECURITIES, INC.'S AND SCOTT-MACON, LTD.'S RESPONSE TO ZOLTEK'S STATEMENT OF ADDITIONAL MATERIAL FACTS PURSUANT TO LOCAL RULE 56.1 THAT REMAIN TO BE TRIED**

Pursuant to Rule 56.1 of the Local Civil Rules of the U.S. District Court for the Southern District of New York, plaintiff Scott-Macon Securities, Inc. ("Scott-Macon Securities") and

defendant Scott-Macon, Ltd. submit this response to Zoltek's Statement of Additional Material Facts:[1]

1. Deny. While Scott-Macon Securities and Scott-Macon, Ltd. admit that they are investment bankers, Scott-Macon Securities and Scott-Macon, Ltd. are not necessarily experts in Zoltek's industry, but rather are "generalists" who have expertise in, inter alia, the chemical industry. Scott Depo. 7:16-20. In any event, Scott-Macon, Ltd.'s expertise is irrelevant as the Agreement was between Zoltek and Scott-Macon Securities. Schott Depo. Ex. 15.

2. Admit.

3. Admit.

4. Admit.

5. Admit.

6. Deny. As another example, Scott-Macon Securities sent a letter, dated January 6, 2004, to Zoltek. The letter was made on Scott-Macon Securities stationery. Rumy Depo. Ex. 21. The employees at Scott-Macon Securities and Scott-Macon, Ltd. attempt to send correspondence on the appropriate, respective company stationery, but sometimes mistakes are made inadvertently. Tepper Depo. 102:14-22.

7. Admit.

8. Admit.

9. Admit.

---

1 Scott-Macon Securities and Scott-Macon, Ltd. state that although they disagree with some of the assertions of fact that Zoltek offers, the assertions with which they do disagree generally represent facts that are not material to the ultimate issues in this case. Scott-Macon Securities and Scott-Macon, Ltd. maintain that the undisputed material facts compel entry of judgment in favor of Scott-Macon Securities and Scott-Macon, Ltd., and there is no genuine issue for trial.

10. Deny. While the details of the fee arrangement between Scott-Macon Securities and Credit Suisse First Boston were never specifically discussed prior to the execution of the Agreement, Zoltek was clear that CSFB referred Zoltek to Scott-Macon Securities and that an agreement relating to referrals existed between Scott-Macon Securities and Credit Suisse First Boston. Benton Depo. 35:12-19; Declaration of Joseph B. Shumofsky in Support of Motions for Summary Judgment of Plaintiff Scott-Macon Securities, Inc. and Defendant Scott-Macon, Ltd. ("Shumofsky Decl.") ¶ 2, Ex. A.

11. Deny. Scott-Macon Securities never virtually assured Zoltek that it "had the right investors to obtain financing for Zoltek." Scott-Macon Securities merely advised Zoltek that it "had experience in placing securities with investors and that [it] believed that [it] knew investors would have an interest in [Zoltek] . . . would understand [Zoltek's] business and be in a position to invest. Potentially." Benton Depo. 13:16-25. Furthermore, the Agreement did not require Scott-Macon Securities to guarantee or successfully obtain financing for Zoltek. Schott Depo. Ex. 15 at ¶ 3.

12. Deny. Zoltek never advised Scott-Macon Securities prior to the execution of the Agreement that it was continuing to work with any other investment bankers to obtain financing. Moreover, it was understood that Scott-Macon Securities was undertaking its responsibilities as Zoltek's placement agent on an exclusive basis, and nothing was discussed between Scott-Macon Securities and Zoltek to provide for "carve-outs" in the Agreement for any parties with whom Zoltek may have been working. Benton Depo. 32:11-14, 33:12-34:22.

13. Deny. It was evident to Zoltek based on the clear language of the Agreement that Scott-Macon Securities would be Zoltek's exclusive placement agent for hedge funds, among

other types of investors. Schott Depo. Ex. 15 at ¶ 1; Benton Depo. 85:17-86:7; Tepper 40:20-41:11.

14. Deny. The term of the Agreement was for nine months and thereafter until the unilateral termination by either party upon thirty days written notice and could not be unilaterally terminated beforehand. Schott Depo. Ex. 15 at ¶ 9; Benton 100:7-20.

15. Deny. Prior to executing the Agreement, Scott-Macon Securities provided Zoltek with drafts of the Agreement, affording Zoltek the opportunity to review the drafts and discuss the terms of the Agreement with its outside legal counsel, Thompson Coburn LLP. Zoltek forwarded Thompson Coburn's comments to Scott-Macon Securities. Rumy Depo. pp. 48:23-49:1, 50:24-52:1, 52:20-23, 55:25-56:6 and Ex. 16 at SMS 2267; Tepper Depo. Ex. R; Shumofsky Decl. ¶ 3, Ex. B. Furthermore, Zoltek had the benefit of being represented by Zsolt Rumy, Zoltek's CEO, during the negotiations, a sophisticated businessman who had negotiated and executed agreements with investment bankers and placement agents to assist with locating investors a number of times in the past. Rumy Depo. pp. 146:18-147:8. On this occasion, Rumy reviewed the final version of the Agreement prior to signing. Rumy Depo. pp. 57:25-58:3.

16. Deny. Any additional time required to complete the confidential information memorandum ("CIM") was occasioned by Zoltek's failure to provide Scott-Macon Securities' with timely feedback, the disarray of Zoltek's company projections and the need to reformat the model explaining those projections. Ultimately, however, the CIM was a very solid information memorandum that included the necessary information for a potential investor to adequately evaluate Zoltek and determine whether to invest. Benton Depo. 42:20-43:15, 68:19-69:4; Tepper Depo. 54:19-55:19, 57:4-58:17.

17. Deny. While Scott-Macon Securities initially targeted long-term investors and, after potential long-term investors expressed little interest in offering financing to Zoltek, changed its focus to the hedge fund market, it is clear that the Agreement provided that Scott-Macon Securities would be Zoltek's exclusive placement agent for various types of investors. Benton 82:14-84:11, Benton Depo. 85:17-86:7; Tepper 40:20-41:11. Paragraph 1 of the Agreement states that Scott-Macon Securities was the exclusive placement agent for financings obtained from "one or more Institutional Investors," defined to include "any bank, savings institution, trust company, insurance company, investment company . . . any private investment fund or hedge fund, pension or profit sharing trust, broker-dealer, or other financial institution, institutional buyer, or 'accredited investor' . . . ." Schott Depo. Ex. 15 at ¶ 1.

18. Scott-Macon Securities admits that it never told Zoltek that it was shifting its focus from one type of investor to another. However, Zoltek was aware that the Agreement specifically provided that Scott-Macon Securities would be Zoltek's exclusive placement agent for various types of investors and, accordingly, Zoltek knew that Scott-Macon Securities was permitted to target all types of institutional investors in its efforts to secure financing for Zoltek. Schott Depo. Ex. 15 at ¶ 1; Benton Depo. 85:17-86:7; Tepper 40:20-41:11.

19. Deny. Zoltek received continued assurances from Scott-Macon Securities of its performance. Zoltek acknowledged that Scott-Macon Securities continued working on behalf of Zoltek through December 2003 and January 2004. See Scott-Macon Securities' and Scott-Macon, Ltd.'s 56.1 Statement ¶¶ 63-67, 69-70; Zoltek's 56.1 Statement ¶¶ 63-67, 69-70. Furthermore, in correspondence that Zoltek received from Scott-Macon Securities through January 2004, Scott-Macon Securities reiterated it commitment to continue to work to obtain financing for Zoltek. Rumy Depo. Ex. 21-22; Aaron Decl. ¶ 20, Ex. S.

20. Admit.

21. Deny. On November 19, 2003, the Agreement was still in effect. On January 8, 2004, Scott-Macon Securities forwarded to Zoltek a complete list of the investors that Scott-Macon Securities contacted in an effort to secure financing for Zoltek. Tepper Depo. Ex. M.

Dated: January 28, 2004

DORSEY & WHITNEY LLP

By:______/s/______
Joseph B. Shumofsky (JS 2147)
250 Park Avenue
New York, New York 10177
(212) 415-9200

Attorneys for Plaintiff Scott-Macon Securities, Inc.
and Defendant Scott-Macon, Ltd.